USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
   DERRICK PERKINS,

                         Plaintiff,       1:18-cv-3590-GHW

              -v -                           ORDER

   ADA PRESLEY, WARDEN NYCDOCS,
   CAPTAIN TUNSIL, FOOD SERVICE SUP,
   NYCDOCS, CAPTAIN LUE, NYCDOCS,
   CAPTAIN KELLER, NYCDOCS,
   CORRECTION OFFICER LANI, NYCDOCS,
   DAVID VILABREA, MEDICAL DOCTOR,
   NYCDOCS, CORRECTION OFFICER
   TORRES, NYCDOCS, CAPTAIN VASQUEZ,
   NYCDOCS,

                       Defendants.
---------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

       As discussed on the record during the telephone conference held on January 15, 2020, defense counsel is directed to ascertain whether Defendants have knowledge of Mr. Lali's address and telephone number. If so, this information should be provided to Plaintiff but need not be filed with the Court. Defense counsel is further directed to file supplemental briefing regarding whether New York law permits or requires the redaction of identifying information of detainees, how—if at all—whether the charges against a detainee were dropped affects this inquiry, and how any applicable New York law interacts with applicable federal rules related to discovery. To the extent that defense counsel comes to believe that redaction is not required and instead decides to turn over contact information for all potential detainee-witnesses, supplemental briefing need not be filed with the Court and defense counsel may send this information directly to Plaintiff. Defendants' supplemental briefing or a letter informing the Court that no supplemental briefing will be forthcoming should be filed as soon as is practicable but no later than February 9, 2020.

Defense counsel is further directed to conduct an investigation into whether there are records regarding when and to whom institutional shaving records were checked out at the facility that housed Plaintiff when the incident that is the basis for this case occurred. Defense counsel is directed to provide such records to Plaintiff or make a proffer to the Court that no such records exist no later than February 9, 2020. If defense counsel finds that such records do exist and elects to turn them over to Plaintiff, he is directed to inform the Court by letter. If such records did exist but have since been destroyed, defense counsel is directed to describe the circumstances under which these records were destroyed by letter no later than February 9, 2020.

Defense counsel is also directed to conduct an investigation to determine if there is video security footage of the time surrounding the incident that is the basis for this case. If such footage exists, defense counsel is directed to turn it over to Plaintiff no later than February 9, 2020. If such footage does not exist, defense counsel is directed to inform the Court by letter. If such footage did exist but has been destroyed, defense counsel is directed to describe the circumstances under which the footage was destroyed by letter no later than February 9, 2020.

Finally, Plaintiff is directed to send a letter to the Court and Defendants pointing to where Plaintiff requested previously information regarding a search of the meal preparation area no later than January 22, 2020.

The deadline for motions for summary judgment is adjourned *sine die*. The Court expects to set a schedule for summary judgment motions once it has resolved these discovery disputes.

The Clerk of Court is directed to mail a copy of this order to Plaintiff by first-class and

certified mail.

SO ORDERED.

Dated: January 15, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge