USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/21/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK PERKINS,

        Plaintiff,

-against-

ADA PRESLEY, Warden NYCDOCS; CAPTAIN TUNSIL, Food Service Supervisor, NYCDOCS; CAPTAIN LUE, NYCDOCS; CAPTAIN KELLER, NYCDOCS; CORRECTION OFFICER LANI, NYCDOCS; DAVID VILABREA, Medical Doctor, NYCDOCS; CORRECTION OFFICER TORRES, NYCDOCS; CAPTAIN VASQUEZ, NYCDOCS,

        Defendants.

1:18-cv-03590-MKV

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT
WITHOUT PREJUDICE

MARY KAY VYSKOCIL, United States District Judge:

    Incarcerated Plaintiff Derrick Perkins, proceeding *pro se* and *in forma pauperis*, brings this action against several officials of the New York City Department of Correction, alleging various constitutional violations. Defendants have moved for summary judgment. (Defs.' Mot. [ECF No. 84-2].) In support of their motion, Defendants filed a memorandum of law (Defs.' Br. [ECF No. 84]), a Notice to *Pro Se* Litigant Who Opposes a Motion for Summary Judgment (Notice *Pro Se* Litigant [ECF No. 84-1]), a Declaration of Brian Zapert with several exhibits (Zapert Decl. [ECF No. 84-3]), and a Local Civil Rule 56.1 Statement (Defs.' 56.1 [ECF No. 84-4]). Plaintiff filed a three-page letter and a one-page, four-paragraph affidavit in opposition to Defendants' motion. (Pl.'s Opp. [ECF No. 91].) Defendants filed a reply. (Defs.' Reply [ECF No. 92].)

    Defendants' motion is DENIED WITHOUT PREJUDICE for failure to comply with Local Civil Rule 56.2. That Rule requires a represented party moving for summary judgment against a *pro se* party to serve and file a Notice To *Pro Se* Litigant Who Opposes a Motion For Summary

1

Judgment with the full texts of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. Local Civ. R. 56.2; *accord Irby v. N.Y.C. Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001).

While Defendants filed with their motion a Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment, Defendants failed to include the full texts of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. (*See* Notice *Pro Se* Litigant [ECF No. 84-1].) This omission is inexplicable given that the Court previously reminded Defendants of their obligations under Local Civil Rule 56.2. (Scheduling Order 2 [ECF No. 82].)

The "linchpin of Rule 56.2 is whether a *pro se* plaintiff ultimately is aware of the basic requirements and ramifications of the adjudication of the summary judgment motion against him." *Forsyth v. Fed'n Empl. & Guidance Serv.*, 409 F.3d 565, 572 (2d Cir. 2005), *abrogated on other grounds*, *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2009). In determining whether failure to provide proper notice was harmless, courts consider "all of the circumstances, including the papers filed by the *pro se* litigant." *Sawyer v. American Fed'n of Gov't Emps.*, 180 F.3d 31, 35 (2d Cir. 1999).

On the record before it, the Court cannot conclude that Defendants' failure to provide proper notice was harmless. Plaintiff's opposition—a three-page letter with a one-page, four-paragraph affidavit of Plaintiff—does not reflect a clear understanding of the nature and consequences of Defendants' summary judgment motion and the need to respond individually and directly to the Defendants' factual assertions to properly oppose the motion. (Pl.'s Opp. 1–4.)

Plaintiff's opposition reflects, at most, a good faith attempt to comply with the terms of the Notice served on him. (*See* Pl.'s Opp. 1–4.) Critically, Plaintiff did not submit a Local Civil Rule 56.1 counterstatement, a statement of facts responding to Defendants' factual assertions, or any evidence in support of his opposition. As the Second Circuit has explained, "Although not

Judgment with the full texts of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. Local Civ. R. 56.2; *accord Irby v. N.Y.C. Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001).

While Defendants filed with their motion a Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment, Defendants failed to include the full texts of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. (*See* Notice *Pro Se* Litigant [ECF No. 84-1].) This omission is inexplicable given that the Court previously reminded Defendants of their obligations under Local Civil Rule 56.2. (Scheduling Order 2 [ECF No. 82].)

The "linchpin of Rule 56.2 is whether a *pro se* plaintiff ultimately is aware of the basic requirements and ramifications of the adjudication of the summary judgment motion against him." *Forsyth v. Fed'n Empl. & Guidance Serv.*, 409 F.3d 565, 572 (2d Cir. 2005), *abrogated on other grounds*, *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2009). In determining whether failure to provide proper notice was harmless, courts consider "all of the circumstances, including the papers filed by the *pro se* litigant." *Sawyer v. American Fed'n of Gov't Emps.*, 180 F.3d 31, 35 (2d Cir. 1999).

On the record before it, the Court cannot conclude that Defendants' failure to provide proper notice was harmless. Plaintiff's opposition—a three-page letter with a one-page, four-paragraph affidavit of Plaintiff—does not reflect a clear understanding of the nature and consequences of Defendants' summary judgment motion and the need to respond individually and directly to the Defendants' factual assertions to properly oppose the motion. (Pl.'s Opp. 1–4.)

Plaintiff's opposition reflects, at most, a good faith attempt to comply with the terms of the Notice served on him. (*See* Pl.'s Opp. 1–4.) Critically, Plaintiff did not submit a Local Civil Rule 56.1 counterstatement, a statement of facts responding to Defendants' factual assertions, or any evidence in support of his opposition. As the Second Circuit has explained, "Although not

Judgment with the full texts of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. Local Civ. R. 56.2; *accord Irby v. N.Y.C. Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001).

While Defendants filed with their motion a Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment, Defendants failed to include the full texts of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. (*See* Notice *Pro Se* Litigant [ECF No. 84-1].) This omission is inexplicable given that the Court previously reminded Defendants of their obligations under Local Civil Rule 56.2. (Scheduling Order 2 [ECF No. 82].)

The "linchpin of Rule 56.2 is whether a *pro se* plaintiff ultimately is aware of the basic requirements and ramifications of the adjudication of the summary judgment motion against him." *Forsyth v. Fed'n Empl. & Guidance Serv.*, 409 F.3d 565, 572 (2d Cir. 2005), *abrogated on other grounds*, *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2009). In determining whether failure to provide proper notice was harmless, courts consider "all of the circumstances, including the papers filed by the *pro se* litigant." *Sawyer v. American Fed'n of Gov't Emps.*, 180 F.3d 31, 35 (2d Cir. 1999).

On the record before it, the Court cannot conclude that Defendants' failure to provide proper notice was harmless. Plaintiff's opposition—a three-page letter with a one-page, four-paragraph affidavit of Plaintiff—does not reflect a clear understanding of the nature and consequences of Defendants' summary judgment motion and the need to respond individually and directly to the Defendants' factual assertions to properly oppose the motion. (Pl.'s Opp. 1–4.)

Plaintiff's opposition reflects, at most, a good faith attempt to comply with the terms of the Notice served on him. (*See* Pl.'s Opp. 1–4.) Critically, Plaintiff did not submit a Local Civil Rule 56.1 counterstatement, a statement of facts responding to Defendants' factual assertions, or any evidence in support of his opposition. As the Second Circuit has explained, "Although not

dispositive, a *pro se* party's failure to submit a statement of material facts required by Local Civil Rule 56.1 is some evidence that the *pro se* party did not understand her duties in response to a motion for summary judgment." *Forsyth*, 409 F.3d at 572 (citing Local Civ. R. 56.1; and *Dais v. Lane Bryant, Inc.*, No. 97–CV–2011, 2000 WL 869489, at *2 (S.D.N.Y. June 29, 2000)).

Plaintiff's one-page, four paragraph affidavit does not respond to the factual assertions set forth in Defendants' Local Civil Rule 56.1 Statement. (*Compare* Defs.' 56.1, *with* Pl.'s Opp. at 4.) Plaintiff's obligation to do so is not stated in the Notice Plaintiff received; rather, it is set forth in Local Civil Rule 56.1, the text of which was not served on Plaintiff. Given the "'special solicitude' afforded to *pro se* litigants 'when confronted with motions for summary judgment,'" *Parker*, 425 F. Supp. 3d at 176 n.2 (quoting *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988)), the Court presumes that Plaintiff was unaware of his obligation to respond directly to Defendants' factual assertions because he did not receive the full text of Local Civil Rule 56.1.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for summary judgment is DENIED WITHOUT PREJUDICE to Defendants' refiling their motion in compliance with Local Civil Rule 56.2. Defendants' motion for summary judgment shall be filed on or before June 28, 2021; Plaintiff's opposition shall be filed on or before July 28, 2021; and Defendants' reply shall be filed on or before August 11, 2021. If Plaintiff fails to file opposition papers or seek an extension of time on or before July 28, 2021, no reply shall be filed and the Court will consider Defendants' motion fully briefed.

The Clerk of Court is respectfully requested to terminate docket entry 84 and mail a copy of this Order to the *pro se* Plaintiff at the address of record.

**SO ORDERED.**

**Date: June 21, 2021**
**New York, NY**

*[signature: Mary Kay Vyskocil]*
**MARY KAY VYSKOCIL**
**United States District Judge**